# In the United States Court of Federal Claims

| | |
|---|---|
| JEROME NATHAN RIVERS,<br><br>                      *Plaintiff,*<br><br>    v.<br><br>THE UNITED STATES,<br><br>                      *Defendant*. | No. 25-128C<br><br>(Filed March 5, 2025) |

Jerome Nathan Rivers, New Hampton, New York, *pro se*.

Thomas J. Adair, United States Department of Justice, Civil Division, Washington, DC.

**OPINION AND ORDER**
Dismissing the Complaint for Lack of Subject-Matter Jurisdiction

**SILFEN,** *Judge*.

    Jerome Nathan Rivers filed a complaint in this court seeking damages from the "police union department" for violating his constitutional rights. This court does not have jurisdiction over Mr. Rivers's claim against the New York City Police Department or any city or state police union, as it only has jurisdiction over claims against the federal government. Nor does the court have jurisdiction over the subject matter of Mr. Rivers's complaint. Thus, the court **dismisses** Mr. Rivers's complaint sua sponte. The court **grants** Mr. Rivers's motion to proceed in forma pauperis.

**I.    Background**

    On January 22, 2025, Mr. Rivers, representing himself, filed a complaint in this court alleging that the "police union department" violated his Sixth and Fourteenth Amendment rights in the course of investigating, trying, and convicting him in a criminal case. ECF No. 1 at 1-2. Mr.

1

Rivers alleges that the police improperly questioned him and, as a result, he was unjustly convicted. *Id.* Mr. Rivers was previously incarcerated at the George R. Vierno Center on Rikers Island, which is owned and operated by the New York City Department of Corrections. *Id.* at 2; ECF No. 1-1; https://www.nyc.gov/site/doc/about/facilities.page. He is no longer incarcerated. ECF No. 16; ECF No. 18 at 6. Mr. Rivers requests twenty-two billion dollars for the injustice he has experienced. ECF No. 1 at 3.

## II.     Discussion

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. 28 U.S.C. § 1491(a)(1); *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994). The Tucker Act provides this court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See*

*Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Kelley v. Secretary of the Department of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

Under this court's rule 12(h)(3), the court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Rules of the Court of Federal Claims, Rule 12(h)(3); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)). Therefore, even if not disputed by a party, the court may challenge subject matter jurisdiction sua sponte. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

### 1. This court lacks jurisdiction over Mr. Rivers's complaint

Even liberally construed, this court does not have jurisdiction over Mr. Rivers's complaint. Mr. Rivers's allegations are against New York City police officers and the police union. ECF No. 1 at 1 (naming the "police union department" as the defendant); *id.* at 2 (calling the police union a "state 'union'"). This court only has jurisdiction over claims against the federal government; it does not have jurisdiction over city or state entities. 28 U.S.C. § 1491; *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)); *Curry v. United States*, 787 F. App'x 720, 722-23 (Fed. Cir. 2019) (holding that the Court of Federal Claims lacks jurisdiction to hear cases asserted against states, localities, and employees of those governments in both their official and personal capacities). Because Mr. Rivers has not brought a claim against the federal government, this court does not have the authority to hear his case.

This court also lacks jurisdiction over the constitutional claims Mr. Rivers alleges. The Tucker Act authorizes this court to hear constitutional claims only "when the constitutional provision … expressly creates a substantive right enforceable against the federal government for money

damages." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). It is well established that the Sixth Amendment and the Fourteenth Amendment "do not mandate payment of money by the government" and, therefore, neither independently provides "a sufficient basis for jurisdiction" in this court. *Id.* (holding that this court does not have jurisdiction over claims arising under either the Due Process or Equal Protection clauses of the Fourteenth Amendment); *Vuolo v. United States*, No. 2006-5136, 2006 WL 3913417, at *1 (Fed. Cir. Dec. 29, 2006) (summarily affirming that the Court of Federal Claims lacks jurisdiction over Sixth Amendment claims because the amendment "do[es] not mandate the payment of money" as required by the Tucker Act); *Mercer v. United States*, 668 F. App'x 362, 363 (Fed. Cir. 2016) (holding that this court lacks jurisdiction over "'collateral attacks' on criminal convictions" and over related Sixth and Fourteenth Amendment violations).

Furthermore, the "Court of Federal Claims does not have the power to review … the facts surrounding a conviction or imprisonment." *Zakiya v. United States*, 79 Fed. Cl. 231, 234-35 (2007), *aff'd*, 277 F. App'x 985 (Fed. Cir. 2008); *see Kania v. United States*, 650 F.2d 264, 269 (Ct. Cl. 1981) ("It is particularly unreasonable to suppose that Congress in enacting the Tucker Act intended for this court to intervene in the delicate and sensitive business of conducting criminal trials."); *see also Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts.").

Finally, to the extent that Mr. Rivers alleges tortious conduct by the police, his claims must also be dismissed for lack of jurisdiction. *See Jackson v. United States*, 162 Fed. Cl. 282, 292-93 (2022) (explaining that the court lacks jurisdiction over law enforcement and prosecutorial misconduct tort claims); *see also Cochran v. United States*, 250 F.3d 754 (Fed. Cir. 2000) (table)

4

(affirming that this court lacks jurisdiction over tort claims for malicious prosecution). The Tucker Act expressly excludes tort claims from this court's jurisdiction. 28 U.S.C. § 1491(a).

For each of these independent reasons, the court lacks jurisdiction over Mr. Rivers's complaint.

### 2.    Mr. Rivers has shown that he is entitled to in forma pauperis status

Mr. Rivers requests to proceed in forma pauperis. ECF No. 18.[1] Under 28 U.S.C. § 1915, a litigant may move to proceed in forma pauperis, entitling him to relief from the costs and fees associated with initiating a lawsuit. The court has discretion to grant such motions whenever it determines, based on the financial information submitted, that the plaintiff is unable to pay the filing fee. *Fourstar v. United States*, 950 F.3d 856, 858 (Fed. Cir. 2020); *Roberson v. United States*, 115 Fed. Cl. 234, 239 (2014), *appeal dismissed*, 556 F. App'x 966 (Fed. Cir. 2014). The threshold to establish the need to proceed in forma pauperis is not high. *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007). "[P]auper status does not require absolute destitution, the question is whether the court costs can be paid without undue hardship." *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016) (marks omitted); *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Mr. Rivers attests that he is not currently employed and does not receive any income. ECF No. 18 at 1-2. He has demonstrated that paying the filing fee would impose an undue hardship on him.

---

[1] Mr. Rivers previously filed an application to proceed in forma pauperis that was incomplete. ECF Nos. 9, 13. Because he has now filed a complete application (ECF No. 18), the court will deny the earlier application as moot, which will not affect Mr. Rivers's status, and will address the complete application.

### III.  Conclusion

For the reasons stated above, this court **dismisses** Mr. Rivers's complaint for lack of subject-matter jurisdiction. The court **grants** Mr. Rivers's application to proceed in forma pauperis and **denies as moot** the earlier incomplete application. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge